**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHANDLER LEE , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| HYATT HOTELS CORPORATION;<br>HYATT CORPORATION d/b/a HYATT<br>INCLUSIVE COLLECTION; and<br>HYATT INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

Plaintiff Chandler Lee, nee Parks, ("Plaintiff"), for her Complaint against Defendants Hyatt Hotels Corporation, Hyatt Corporation d/b/a Hyatt Inclusive Collection, and Hyatt International Corporation (collectively, "Defendants"), alleges as follows:

## I. INTRODUCTION

1. This is a premises-liability and negligence action arising from a serious slip-and-fall injury suffered by Plaintiff while she was an invited resort guest at Secrets Puerto Los Cabos Golf & Spa Resort in San José del Cabo, Baja California Sur, Mexico.

2. The resort was marketed, branded, sold, reserved, held out, operated, managed, controlled, and/or serviced through the Hyatt/Secrets/Hyatt Inclusive Collection structure. Defendants represented to the traveling public, including Oklahoma consumers, that Secrets Puerto Los Cabos was a Hyatt-affiliated all-inclusive resort and part of the World of Hyatt resort network.

3. On or about October 7, 2025, following substantial rainfall, Defendants permitted guest walkways, restaurant-adjacent areas, and interior and exterior common areas to remain flooded, wet, slick, unreasonably dangerous, and inadequately warned. Plaintiff slipped on a slick resort

walkway while traveling from the main restaurant toward a public restroom. She fell violently and suffered a severe knee injury, including a totally fractured kneecap[1] requiring emergency care, immobilization, surgery, crutches, extended time away from work, and physical therapy. As a result of fall she suffered pain, and other emotional and financial damages.

4. The dangerous condition was not sudden, isolated, or unknown to Defendants. Rain began the prior day. Resort staff were visibly attempting to squeegee water, the resort had standing water and flooding in restaurants and bars, the resort curtailed outdoor operations, and heavily trafficked walkways were slick. Yet Defendants failed to make the area safe, failed to close or reroute the hazardous walkway, failed to provide safe restroom access, and failed to place adequate warning signs before Plaintiff fell. Only after Plaintiff was already on the ground did resort personnel bring "Caution, Slick Floor" signs to the area.

5. Plaintiff brings this action to recover for Defendants' negligence, negligent undertaking, negligent operation, negligent maintenance, failure to warn, failure to inspect, negligent training and supervision, vicarious liability, apparent agency, and related theories discovered in this litigation.

## II. PARTIES

6. Plaintiff Chandler Parks is an individual and, at all material times, was a citizen and resident of Oklahoma. Plaintiff traveled from Oklahoma to Mexico as an invited paying guest at Secrets Puerto Los Cabos Golf & Spa Resort.

7. Defendant Hyatt Hotels Corporation is a Delaware corporation with its principal place of business and corporate headquarters in Chicago, Illinois. Hyatt Hotels Corporation, directly and through subsidiaries, affiliates, agents, apparent agents, brands, reservation platforms, loyalty

[1] Plaintiff's left kneecap was literally broken completely in two, laterally, with a sizable gap between the two pieces.

programs, managers, operators, licensees, and/or service providers, developed, owned, operated, managed, controlled, branded, marketed, sold, reserved, inspected, audited, and/or undertook responsibility for Hyatt, Secrets, AMR Collection, and Hyatt Inclusive Collection resort properties, including Secrets Puerto Los Cabos Golf & Spa Resort.

8. Defendant Hyatt Corporation is a Delaware corporation with its principal place of business and corporate headquarters in Chicago, Illinois. Hyatt Corporation operates and/or controls Hyatt-affiliated hotel and resort business activities, including through Hyatt brands, Hyatt reservation channels, Hyatt guest-service systems, Hyatt standards, Hyatt marketing, and Hyatt-related management, franchise, license, and service relationships.

9. Defendant Hyatt International Corporation is a Delaware corporation with its principal place of business and corporate headquarters in Chicago, Illinois. Hyatt International Corporation operates, manages, controls, licenses, supports, and/or undertakes duties concerning Hyatt-affiliated international hotels and resorts, including by and through related entities, brand standards, management agreements, marketing agreements, service agreements, reservation systems, guest-safety standards, quality-assurance programs, and/or operational controls.

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Oklahoma. Defendants Hyatt Hotels Corporation, Hyatt Corporation, and Hyatt International Corporation are Delaware corporations with their principal places of business in Chicago, Illinois. The amount in controversy exceeds $75,000, exclusive of interest and costs, given Plaintiff's serious knee injury, surgery, medical treatment, physical impairment, lost wages, and continuing damages.

11. This Court has general personal jurisdiction over the Illinois-headquartered Hyatt Defendants because Hyatt Hotels Corporation, Hyatt Corporation, and Hyatt International Corporation maintain their corporate headquarters and principal places of business in Chicago, Illinois and are therefore “at home” in Illinois. This Court also has personal jurisdiction over the remaining Defendants because they purposefully availed themselves of this District by participating in, benefiting from, directing, controlling, implementing, and/or relying on the Illinois-headquartered Hyatt/Secrets/Hyatt Inclusive Collection enterprise, reservation systems, brand standards, safety standards, marketing, guest-service systems, and operational control relating to the resort and Plaintiff’s stay.

12. Personal jurisdiction is also proper because Plaintiff’s claims arise out of or relate to Defendants’ Illinois-linked conduct and omissions, including the Illinois-headquartered Hyatt Defendants’ ownership, operation, management, control, branding, marketing, safety-standard setting, quality assurance, reservation, guest-service, training, supervision, auditing, and/or negligent undertaking activities concerning Secrets Puerto Los Cabos Golf & Spa Resort. Plaintiff alleges that the Hyatt/Secrets enterprise held the resort out as a Hyatt/Secrets/Hyatt Inclusive Collection property and undertook responsibilities bearing directly on the safety of paying resort guests, including Plaintiff.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this judicial district for venue purposes. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff’s claims occurred in this District, including the corporate, operational, safety-standard, brand-standard, marketing, reservation, quality-control, and negligent-undertaking conduct of the Illinois-headquartered Hyatt Defendants. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3).

14. This District is the most appropriate United States forum because the principal Hyatt Defendants are headquartered here, relevant corporate witnesses and documents concerning Hyatt's ownership, operation, management, control, brand standards, reservation systems, safety standards, quality assurance, and agency relationships are likely located or controlled here, and the Northern District of Illinois has recently addressed materially similar Hyatt foreign-resort injury allegations at the pleadings stage.

15. Plaintiff does not presently possess any enforceable forum-selection agreement clearly requiring this tort claim to be litigated in Mexico against all Defendants. To the extent Defendants contend that a registration card, hotel document, online term, accommodation agreement, or foreign-law clause applies, Plaintiff pleads that any such clause is unenforceable, inapplicable to tort claims, ambiguous as to the parties bound, not reasonably communicated, procedurally and substantively unfair, contrary to public policy, and/or incapable of requiring dismissal against Defendants who are not parties to the alleged agreement.

## IV. FACTUAL ALLEGATIONS

16. Secrets Puerto Los Cabos Golf & Spa Resort is located at Avenida Paseo de los Pescadores S/N, San José del Cabo, Baja California Sur, Mexico, 23400. Hyatt's public materials identify the resort as "Secrets Puerto Los Cabos Golf & Spa Resort," describe it as a Hyatt-affiliated all-inclusive resort, and state that it is now part of the "World of Hyatt loyalty program."

17. At all material times, Defendants held the resort out to Plaintiff and the public as a safe, luxury, all-inclusive Hyatt/Secrets resort, suitable for paying guests and suitable for guest movement between restaurants, bars, restrooms, rooms, and resort common areas.

18. On information and belief, the Hyatt Defendants exercised control over or undertook duties concerning the resort's operation, management, brand standards, quality assurance, guest-safety

standards, inspection procedures, maintenance protocols, signage requirements, training, incident reporting, risk management, and/or handling of guest injuries.

19. On or about Sunday, October 5, 2025, Plaintiff and her travel companions arrived in Los Cabos and checked in as guests at Secrets Puerto Los Cabos Golf & Spa Resort.

20. On Monday afternoon, October 6, 2025, it began sprinkling at the resort. By Monday night, the rain had become a heavy downpour.

21. The rainfall created widespread flooding and water accumulation throughout the resort. There were standing puddles, slick walkways, and wet interior and exterior common areas. Resort staff were aware of the conditions because staff were moving guests by golf cart, dealing with flooding in restaurant areas, and attempting to squeegee water away.

22. On Monday night, Plaintiff and her party went to a resort restaurant. Because of the heavy rain and wet walkways, they took a golf cart ride to the restaurant. The restaurant area had flooding and a significant wait. Guests waiting outside had to avoid inches-deep puddles while staff attempted to squeegee water away.

23. After dinner, Plaintiff and her party went to another bar on site. That bar also had flooding and standing puddles inside.

24. On Tuesday morning, October 7, 2025, rain continued lightly. The resort remained largely shut down. Pools and outdoor activities were not open, and staff set up indoor games to entertain guests while the rain continued or while the resort attempted to respond to the conditions.

25. By lunch, Plaintiff went to the main restaurant. As lunch ended, Plaintiff needed to use a public restroom. To reach the restroom from the restaurant, Plaintiff had to exit the restaurant doors and proceed outside around the corner to the nearest public restroom.

26. The path from the restaurant to the restroom was a guest walkway and common area that Defendants expected guests to use. It was within Defendants' possession, operation, management, maintenance, control, and/or safety responsibility.

27. As Plaintiff turned the corner on the walkway, she suddenly slipped and fell. She had no time to catch herself. She struck the hardened tile surface and suffered an obvious and severe knee injury, including a kneecap that appeared visibly broken.

28. Before Plaintiff fell, Defendants had not posted any caution signs, mats, barricades, cones, ropes, staff warnings, rerouting directions, or other warnings at the place of the fall. Defendants had not closed the walkway, dried the area, provided safe access to the restroom, or provided alternative transportation to the restroom.

29. After Plaintiff fell and while she was still on the ground awaiting emergency medical assistance, resort staff brought "Caution, Slick Floor" signs to the area. Those signs were not present before Plaintiff fell.

30. Emergency medical services responded to the scene. EMS administered pain medication and transported or assisted in relocating Plaintiff for treatment. Plaintiff received medical care in Mexico and returned to the resort later that day.

31. Plaintiff and her husband returned home the next morning because Plaintiff's leg was immobilized and it was apparent she would need surgery and further treatment.

32. Plaintiff thereafter required surgery, crutches for approximately six weeks, approximately twelve weeks away from work, extensive physical therapy, and continuing recovery that may last a year or longer. Plaintiff has also suffered pain, physical impairment, inconvenience, emotional distress, loss of enjoyment, family disruption, and other damages.

33. Defendants never offered Plaintiff reimbursement for the remainder of her stay, did not adequately follow up after her injury, and did not accept responsibility for the unsafe condition.

34. Defendants had actual and constructive notice of the dangerous condition because the rain, flooding, standing water, wet floors, slick walkways, squeegee efforts, closure of resort activities, and guest-movement problems existed for a substantial time before Plaintiff fell.

35. Defendants created the dangerous condition, allowed it to remain, failed to correct it, failed to warn, failed to inspect, failed to train and supervise staff for rain/flooding conditions, failed to implement reasonable weather-response protocols, failed to provide adequate drainage or slip-resistant surfaces, and failed to route guests safely during known hazardous conditions.

36. The hazardous condition was foreseeable. The resort in Los Cabos is south of the Tropic of Cancer, and while it is generally in an arid climate, Defendant must have known October to be in a season where there are often torrential rains due to tropical storms and hurricanes. A resort that markets itself to paying guests must anticipate that rain can occur, that walkways and restaurant-adjacent areas can become slick, that guests will need to travel to public restrooms, and that failure to warn or remediate wet surfaces can cause serious injury.

37. Defendants' negligence was a direct and proximate cause of Plaintiff's fall, injuries, damages, and losses.

**COUNT I – NEGLIGENCE / PREMISES LIABILITY**
**(Against All Defendants)**

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

39. At all material times, Defendants owned, operated, managed, possessed, controlled, maintained, inspected, serviced, branded, marketed, and/or undertook responsibility for the

premises and common areas of Secrets Puerto Los Cabos Golf & Spa Resort, including the walkway and restroom-access route where Plaintiff fell.

40. Plaintiff was a paying invited guest and business invitee. Defendants owed Plaintiff duties to exercise ordinary and reasonable care to keep the premises reasonably safe, inspect the premises, maintain safe walkways, remedy dangerous conditions, warn of hazards, and protect guests from unreasonable risks of harm.

41. Defendants breached those duties by, among other things:

(a) causing or allowing resort walkways, restaurant-adjacent areas, and common areas to become wet, slippery, flooded, dangerous, unsafe, and defective;

(b) allowing wet and slippery walking surfaces to remain in a dangerous condition despite actual and constructive notice;

(c) failing to provide and maintain reasonably safe access from the restaurant to the public restroom;

(d) failing to close, barricade, dry, treat, reroute, or adequately supervise the hazardous walkway;

(e) failing to provide adequate mats, slip-resistant materials, drainage, warning signs, cones, barriers, verbal warnings, or other safety measures before Plaintiff fell;

(f) failing to inspect the premises to identify dangerous conditions caused by rainfall, flooding, standing water, wet floors, and slick walking surfaces;

(g) failing to train and supervise staff in reasonable rain, flood, and wet-floor response protocols;

(h) failing to implement adequate resort-wide weather-response and guest-safety protocols;

(i) failing to provide reasonable assistance or transportation to a public restroom when Defendants knew the walkway was unsafe;

(j) using or maintaining flooring, tile, surface treatments, slopes, finishes, or drainage systems that became dangerously slippery when wet;

(k) failing to warn Plaintiff and other guests of the known dangerous condition; and

(l) otherwise failing to exercise ordinary care under the circumstances.

42. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injuries and damages, including medical expenses, future medical expenses, pain and suffering, mental anguish, physical impairment, disfigurement, lost wages, loss of earning capacity, loss of enjoyment of life, travel losses, and other damages recoverable by law.

**COUNT II – NEGLIGENT UNDERTAKING AND DIRECT NEGLIGENCE**
**(Against Hyatt Defendants)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. In the alternative and in addition to premises-liability theories, the Hyatt Defendants undertook duties concerning guest safety, resort operations, brand standards, inspections, maintenance, warnings, training, quality assurance, risk management, incident reporting, and/or emergency response at Secrets Puerto Los Cabos Golf & Spa Resort.

45. Having undertaken those duties, the Hyatt Defendants were required to perform them with reasonable care.

46. The Hyatt Defendants breached those duties by failing to promulgate, require, implement, enforce, audit, or supervise reasonable safety standards and procedures for wet-floor hazards, rain events, flooded common areas, warning signage, temporary closure of unsafe walkways, safe restroom access, surface selection, drainage, staff training, and incident prevention.

47. Plaintiff and the resort guests reasonably relied on the Hyatt/Secrets/Hyatt Inclusive Collection brand, standards, marketing, safety assurances, reservation system, and guest-service undertaking.

48. The Hyatt Defendants' negligent undertaking increased the risk of harm to Plaintiff and was a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT III – AGENCY, APPARENT AGENCY, VICARIOUS LIABILITY, AND JOINT ENTERPRISE
### (Against All Defendants)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. At all material times, the employees, agents, servants, representatives, managers, contractors, operators, and staff working at or for Secrets Puerto Los Cabos Golf & Spa Resort acted within the course and scope of their employment, agency, apparent agency, delegated authority, joint enterprise, franchise, license, management agreement, operations agreement, service agreement, or other relationship with Defendants.

51. Defendants held the resort out as a Hyatt/Secrets/Hyatt Inclusive Collection resort and caused Plaintiff and the public reasonably to believe that the resort, its staff, its safety systems, and its guest services were operated, managed, controlled, approved, or backed by the Hyatt/Secrets/Hyatt Inclusive Collection enterprise.

52. Plaintiff reasonably relied on Defendants' representations, branding, reservation systems, World of Hyatt affiliation, websites, marketing, signage, emails, guest materials, and operational conduct when choosing, booking, and staying at the resort.

53. Defendants are vicariously liable for the negligence of the resort owner/operator, managers, employees, agents, contractors, and staff who created, allowed, failed to correct, failed to warn of, or failed to remediate the hazardous condition that caused Plaintiff's fall.

54. To the extent Defendants contend that another entity owned or operated the resort, discovery is necessary to determine the relationships among Defendants, any operating entity, any owner, any management company, any franchisee or licensee, any Hyatt/Secrets/Hyatt Inclusive Collection entity, and the amount of control exercised by each Defendant.

## COUNT IV – NEGLIGENT TRAINING, SUPERVISION, RETENTION, AND OPERATIONS (Against All Defendants)

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Defendants owed duties to exercise reasonable care in hiring, training, supervising, retaining, and directing the staff, managers, contractors, and representatives responsible for guest safety, inspection, cleaning, wet-floor warnings, rain response, restroom access, and common-area maintenance.

57. Defendants breached those duties by failing to ensure that staff and managers were adequately trained and supervised to identify, warn of, barricade, dry, reroute, close, or otherwise remediate flooded, wet, and slippery areas before guests were injured.

58. Defendants further breached their duties by failing to implement and enforce adequate operational protocols for rainfall, flooding, standing water, resort closures, guest transportation, emergency medical response, and incident follow-up.

59. Defendants knew or should have known that inadequate training, supervision, and operational protocols for wet surfaces and rain conditions created an unreasonable risk of serious injury to guests, including Plaintiff.

60. Defendants' negligent training, supervision, retention, and operations were direct and proximate causes of Plaintiff's injuries and damages.

**COUNT V – NEGLIGENCE PER SE / VIOLATION OF SAFETY STANDARDS**
**(Against All Defendants)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Plaintiff pleads this count in the alternative and subject to discovery regarding applicable Mexican, local, resort, industry, building-code, hotel-safety, premises-safety, and internal Hyatt/Secrets standards governing safe walkways, wet floors, guest warnings, slip resistance, drainage, emergency response, and resort maintenance.

63. Defendants violated applicable statutes, regulations, ordinances, industry standards, internal safety standards, brand standards, and/or accepted hospitality-safety practices designed to protect guests like Plaintiff from the type of injury that occurred.

64. Defendants' violations constitute evidence of negligence, negligence per se where applicable, and/or breach of the applicable standard of care.

65. Defendants' violations were direct and proximate causes of Plaintiff's injuries and damages.

## V. DAMAGES

65. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages including, without limitation:

(a) past and future medical expenses;

(b) surgical expenses and related treatment costs;

(c) physical pain and suffering;

(d) mental anguish and emotional distress;

(e) physical impairment and loss of mobility;

(f) disfigurement and scarring, if applicable;

(g) lost wages and lost earning capacity;

(h) loss of enjoyment of life;

(i) travel losses and unused vacation losses;

(j) out-of-pocket expenses;

(k) prejudgment and post-judgment interest where allowed;

(l) costs of this action; and

(m) all other damages recoverable by law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, and prays for the following relief:

(a) Actual damages in an amount exceeding $75,000, exclusive of interest and costs, according to proof at trial;

(b) Past and future medical expenses;

(c) Past and future pain and suffering, mental anguish, impairment, lost wages, lost earning capacity, and loss of enjoyment damages;

(d) Consequential and out-of-pocket damages, including travel-related losses and unused vacation damages;

(e) Prejudgment and post-judgment interest where allowed by law;

(f) Costs of suit;

(g) Trial by jury on all issues so triable;

(h) Leave to amend as justice may require; and

(i) Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ James Tancula*
James Tancula, IBA #6183698
Law Office of James E. Tancula
8623 W. Bryn Mawr Ave.
Suite 501
Chicago, Illinois 60631
jamestancula@me.com
(818) 306-7319

*/s/ Alexey V. Tarasov*
Alexey V. Tarasov, OBA #32926
*Pro Hac Vice Pending*
330 W. Gray Street, Suite 208
Norman, Oklahoma 73069
(405) 410-5631 Fax: (832) 558-3540
alexey@tarasovlaw.com

*/s/ Richard C. Labarthe*
Richard C. Labarthe, OBA #11393
*Pro Hac Vice Pending*
LABARTHE & TARASOV, P.A.
100 N. Broadway Ave., Suite 1880
Oklahoma City, Oklahoma 73102
(405) 760-3323; Fax: (405) 843-9685
richard@labarthelaw.com

*/s/ William W. Ahrberg*
William W. Ahrberg, OBA #161
*Pro Hac Vice Pending*
P.O. Box 307
Cushing, OK 74023
(918) 225-0012; Fax: (918) 225-7197
ahrberglaw@sbcglobal.net
***Attorneys for Plaintiffs***