**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHANDLER LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:26-cv-08888 |
| | ) | |
| HYATT HOTELS CORPORATION; HYATT CORPORATION d/b/a HYATT INCLUSIVE COLLECTION; and HYATT INTERNATIONAL CORPORATION, | ) | Hon. Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

## HYATT DEFENDANT'S MOTION TO DISMISS

NOW COME Defendants, Hyatt Hotels Corporation, Hyatt Corporation (incorrectly sued as Hyatt Corporation d/b/a Hyatt Inclusive Collection), and Hyatt International Corporation (collectively "Hyatt Defendants"), through undersigned counsel, and in lieu of an answer respectfully move this Court for dismissal of Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens*. In support, Hyatt Defendants state as follows:

## INTRODUCTION

Plaintiff, a resident of Oklahoma, brings suit in Illinois for an injury sustained in Mexico. Her lawsuit against three separate Hyatt entities alleges negligence and agency causes of action arising from a slip and fall upon a walkway at the Secrets Puerto Los Cabos Golf & Spa Resort, located in city of San José del Cabo, state of Baja California Sur, country of Mexico.

The administration of justice is best suited if this matter were litigated in Mexico, not the United States. Mexico is an available forum with its own system of civil laws, causes of actions, and adequate remedies applicable to Plaintiff's claim. Plaintiff has consented to her claim being litigated in Mexico, and Hyatt Defendants shall consent to jurisdiction in order for Plaintiff to

litigate her claim against them in the Mexican court system. Mexican residents, primarily those in the state of Baja California Sur, have the greatest interest in the outcome of Plaintiff's claim. Mexico is where the key evidence, liability witnesses, and the resort owner and operator are located. Plaintiff is entitled to less deference in her decision to file outside her home state of Oklahoma where the only connection to Illinois are the Hyatt Defendants, none of which exercised direct ownership or operational control over the resort. Dismissal is proper under the doctrine of *forum non conveniens*.

## STATEMENT OF FACTS

### I. Plaintiff's Complaint alleges a slip and fall resulting in injury at a resort in Mexico.

Plaintiff's lawsuit arises from an alleged occurrence on October 7, 2025 where she slipped and fell upon a walkway following substantial rainfall at the Secrets Puerto Los Cabos Golf & Spa Resort, located in San José del Cabo in Baja California Sur, Mexico (hereinafter the "Resort") Dkt. #1, ¶ 1-4.

Plaintiff alleges she was a resident and citizen of Oklahoma who was an invited, paying guest at the Resort with her travel companions. Dkt. #1, ¶ 6, 19. They checked into the Resort on October 5, 2026. Dkt. #1, ¶ 19. The following evening rain came in a heavy downpour; Resort staff was dealing with flooding, squeegeeing water away, driving guests in golf carts, and responding to conditions caused by widespread water accumulation. Dkt. #1, ¶ 20-21. The next morning on October 7, 2026 while rain continued the Resort was largely shut down as Resort staff continued to address conditions from the heavy rainfall. Dkt. #1, ¶ 24.

At lunchtime that day Plaintiff alleges she left a Resort restaurant to locate a bathroom when she slipped and fell upon a walkway resulting in injury. Dkt. #1, ¶ 25-27. Plaintiff does not allege the occurrence was witnessed. Resort staff and emergency medical services responded to

the scene following the occurrence, and Plaintiff received medical care in Mexico before flying back to the United States. Dkt. #1, ¶ 29-31.

Plaintiff alleges the Resort was a Hyatt-affiliated, all-inclusive resort part of the World of Hyatt loyalty program that exercised control over the Resort. Dkt. #1, ¶ 2, 16-18. The Complaint seeks recovery for causes of action sounding in "negligence, negligent undertaking, negligent operation, negligent maintenance, failure to warn, failure to inspect, negligent training and supervision, vicarious liability, apparent agency, and related theories discovered in this litigation." Dkt. #1, ¶ 4-5. The three Hyatt Defendants are the sole defendants to Plaintiff's Complaint.

**II. Parties, entities and documents tie this matter to Mexico.**

Plaintiff is not a resident of Illinois. Plaintiff is a citizen and resident of Oklahoma who brings the instant action against Hyatt Defendants in this Court. Dkt. #1, ¶ 6. Plaintiff was at the Resort for only a few days before returning to the United States. Dkt. #1, ¶ 6, 30-31

The three named Hyatt entities in this complaint—Hyatt Hotels Corporation, Hyatt International Corporation, and Hyatt Corporation—are United States companies incorporated in Delaware with a principal place of business in Chicago, Illinois. Dkt. #1, ¶ 7-9; Exhibit A, Declaration of Brian Furgalus. Apart from their general awareness of the Complaint's allegations, Hyatt Defendants have no specific knowledge of the alleged incident. Ex. A. None of those entities are responsible for the day-to-day condition, inspection, maintenance, or operation of the Resort. Ex. A.

Plaintiff signed and agreed to an accommodation service agreement at the Resort. Exhibit B, Accommodation Service Agreement signed by Plaintiff; Exhibit C, Accommodation Service

Agreement (clean).[1] That agreement contains provisions for forum selection and choice of law in favor of Mexico:

> 14. JURISDICTION AND APPLICABLE LAW: On behalf of myself and any other person accompanying me, I agree that any claim I may have against the Hotel Owner, Hotel Manager, Hotel Franchisor, Hotel Marketer, or Hotel Licensor, along with their respective parents, subsidiaries, related, and affiliated companies at every tier, and their respective officers, directors, employees, agents, representatives, successors and assigns of each of the above (together, the "Hotel"), arising from or relating to any events occurring during my stay in Mexico shall be governed by and construed in accordance with the laws of Mexico and further, irrevocably agree to the Judiciary of Mexico as the exclusive venue for any proceedings whatsoever relating to any such claim. On behalf of myself and any other person accompanying me, I expressly waive any right to challenge jurisdiction or venue in such courts due to my current or future place of residence or nationality. On behalf of myself and any other person accompanying me, I understand and agree that this provision shall supersede and control over any contrary provision in any agreement between myself (or any other person accompanying me) and the Hotel, with respect to any dispute arising out of my or their stay at the Hotel, including but not limited to personal injury or wrongful death claims. Exhibit B.

At all times relevant the Resort was owned by Ixe Banco S.A. Multiple Banking Institution, Ixe Financial Group in its capacity as Trustee of Trust 737 ("Resort Owner"), and was operated and administered by AMR Operaciones MX, S. de R.L. de C.V. ("Resort Operator"). Both the Resort Owner and Resort Operator are incorporated and exist in accordance with the laws of Mexico. At the time of the occurrence the right to market and sell Resort services was assigned to AMResorts Marketing Panama, S. de R.L., a Panamanian subsidiary ("Resort Marketer"). Exhibit D, Resort Agreements (to be filed under seal upon entry of protective order pursuant to confidentiality).

## ARGUMENT

### I. Standard of review for dismissal pursuant to the doctrine of *forum non conveniens.*

[1] Exhibit C is an identical, unsigned copy of Exhibit B that is more legible and allows the Court to view the entirety of the Spanish written section of the accommodation services agreement that is partially covered in Exhibit B.

Dismissal of a claim pursuant to the doctrine of *forum non conveniens* is proper where a trial in the current forum would be unnecessarily burdensome for any defendant or the court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256-57 n.23 (1981). Where there exists another adequate and available forum, trial in the pending forum would be oppressive and vexatious to a defendant out of proportion to a plaintiff's convenience, or if the forum chosen by a plaintiff is inappropriate due to considerations of the court's own legal problems or administration, *forum non conveniens* permits dismissal. *Piper Aircraft Co.*, 454 U.S. at 241; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). A defendant bears the burden of proof to show dismissal is proper. *Wozniak v. Wyndham Hotels & Resorts, LLC*, 2009 U.S. Dist. LEXIS 26985, *4 (N.D. Ill. 2009).

## II. This Court must consider extrinsic documents referred to and central to Plaintiff's Complaint in ruling upon the instant Motion.

Although a court cannot typically consider extrinsic evidence to a motion to dismiss without converting it into a motion for summary judgment, a court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss. *Williams v. Hyatt Corp.* 2026 U.S. Dist. LEXIS 76809 *7-8 (N.D. Ill. 2026), citing *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Plaintiff alleges as legal conclusion that forum selection or choice of law provisions clauses are unapplicable or unenforceable, and specifically describes an accommodation agreement that Plaintiff alleges Hyatt Defendants will contend should apply. Dkt. #1, ¶ 15. Indeed the accommodation services agreement signed by Plaintiff is central to Plaintiff's Complaint pertaining to the forum selection analysis and must be considered in this Court's ruling. Ex. B.

Additionally, Plaintiff argues that Hyatt Defendants will have documents concerning Hyatt's involvement and agency relationships regarding the Resort. Dkt. #1, ¶ 14. Plaintiff further alleges that the Resort "was marketed, branded, sold, reserved, held out, operated, managed,

controlled, and/or serviced through the Hyatt/Secrets/Hyatt Inclusive Collection structure." Dkt. #1, ¶ 2. To illustrate the locations and involvement of entities affiliated with the Resort and referred to in Plaintiff's Complaint, Hyatt Defendants require the Court review applicable agreements in support of its *forum non conveniens* analysis. Ex. C. Plaintiff opened the door to contest this extrinsic evidence and so this Court must consider the same.

**III. Dismissal is proper so this matter can be litigated in Mexico.**

Grant of dismissal under the doctrine of *forum non conveniens* requires that a two-part test be met. First there must be a showing that an alternative and adequate forum is available, and second the balance of private and public interest factors must weigh in favor of a more superior venue. *Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *4.

**A. Mexico is an available and adequate forum to litigate this matter.**

Mexico is an available forum. A forum is considered available where all parties are amenable to to process within the forum's jurisdiction. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802-03 (7th Cir. 1997).

Hyatt Defendants shall consent to personal jurisdiction and service of process in Mexico for purposes of litigating this case and will waive any statute of limitations defenses. It is well established that a defendant's consent to service of process and personal jurisdiction in Mexico is enough to satisfy the availability requirement. Compare *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 358 (7th Cir. 2002) (finding Mexico is available forum where defendant submitted to its jurisdiction) with *Williams*, 2026 U.S. Dist. LEXIS 76809 at *13 (finding Jamica was not available forum due to defendant's lack of consent to jurisdiction). Hyatt Defendants' consent to service and jurisdiction in Mexico satisfies the availability requirement.

Mexico is an adequate alternative forum. A forum is deemed adequate if parties will not be deprived of all remedies and parties will not be treated unfairly. *Kamel*, 108 F.3d at 803; *Piper Aircraft Co.*, 454 U.S. at 255. The threshold issue of Mexico being an adequate forum is determinative based on the existence of remedies; mere differences in available legal theories, discovery practices, damage calculations, or the likelihood of recovery does not make a forum inadequate. *Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *5-7; *Piper Aircraft Co.*, 454 U.S. at 255. To be found inadequate, a forum's remedy would have to be "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co.*, 454 U.S. at 254.

The declaration of David Lopez, a Mexican law expert, provides that Mexico is a more than adequate forum in which Plaintiff can litigate her claim. Ex. E, Declaration of David Lopez. The declaration discusses how litigation of Plaintiff's claim would proceed through the Mexican legal system, where litigation may proceed in Mexico, the multiple causes of action recognized in Mexico that Plaintiff may allege, and the various Mexican remedies available for Plaintiff. *Id.* Mr. Lopez's declaration confirms that Mexico administers a robust civil tort judicial system within which Plaintiff can litigate her claim and recover damages.

**B. The balance of factors weigh in favor of Mexico as the more convenient, proper venue to litigate this matter.**

**a. Private interest factors weigh in Mexico's favor.**

This Court is to consider each of the following private interest factors:

> 1. "the relative ease of access to sources of proof," 2. the "availability of compulsory process for the attendance of unwilling witnesses" and "the cost of obtaining the attendance of willing witnesses," 3. "the possibility of viewing the premises, if necessary," and 4. "all other practical problems that make trial of a case easy, efficient and economical."

*Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *9.

*1. The sources of proof are concentrated in Mexico.*

The Complaint provides this Court with ample information to balance the parties' interests; not every potential item of evidence or the identification of every possible witnesses is needed at this stage for ruling on this instant motion. *Instituto Mexicano*, 29 F.4th at 359.

The sources of proof Plaintiff requires to establish her liability claim are Mexican. Plaintiff alleges she fell on a walkway at a resort in Mexico where seasonal tropical storms or hurricanes exist and which caused the walkway to be wet. Dkt. #1, ¶ 36.[2] Resort employees used squeegees to clear sidewalks, golf carts to transport guests, and warning signs to notify of walkway conditions that would all be present at the Resort. Dkt. #1, ¶ 21, 29. All those items constitute physical evidence located in Mexico. Additionally, documents concerning booking and reserving a room at the Resort by Plaintiff, maintenance and clearing guidelines for walking areas at the Resort, protocol and procedure in responding to hurricane conditions, incident reporting and initial medical treatment are all in the Resort's possession. See Dkt. #1, ¶ 30. Resort staff are employees of a third-party service company and are not directly employed by the Resort Owner or Resort Operator. Ex. D, p. 7, § 3.1.d. Some of the documentary evidence will be written only in Spanish.

*Wozinak* is on-point to this analysis. The *Wozinak* court found that, in a matter arising from a slip and fall in a resort lobby in Mexico, that "the vast majority of relevant documents and physical evidence in this case are located in Mexico" and so granted dismissal. *Wozinak*, 2009 U.S. Dist. LEXIS 26952 at *9-11. The evidence in *Wozinak* will be similar Mexican evidence in this matter. *Id.* Conversely, allegations regarding Hyatt Defendants' involvement in the occurrence touch upon corporate-level discovery. The ease of access of corporate-level Hyatt Defendant

---

[2] Upon information and belief, the weather event alleged in Plaintiff's Complaint appears to be directly related to Hurricane Priscilla, a category 2 hurricane that developed and moved in a northwesterly direction along the coast of Mexico near the Baja California Sur peninsula where the Resort is located on its southern tip in Cabo San Lucas.

discovery does not outweigh this factor against Mexico's favorability, as the key liability evidence relating to maintenance of the grounds at the Resort exist in Mexico.

*2. Mexico-based witnesses are not within this court's compulsory process.*

This Court should consider not only the number of witnesses in each forum but also whether a witness is willing or unwilling to attend trial, and the nature and quality of a witness's expected testimony. *Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *11-12. While travel and associated costs would be burdensome and expensive if litigated in either Illinois or Baja California Sur, the issue of travel becomes a moot point where Mexican-based witnesses are not amendable to service for the purpose of testifying in United States lawsuits.

Plaintiff's allegations list Resort staff, managers, and first responders with knowledge of the scene of loss or conditions leading up to the occurrence. Dkt. #1, ¶ 21-30. Plaintiff's Complaint does not list Hyatt Defendant corporate-level personnel or their presence at the Resort, nor does it allege the amount of detail of their involvement in Resort operations the way that Plaintiff alleged Resort staff was involved on a day-to-day basis. Plaintiff's Complaint omits that the Resort Owner and Operator are incorporated under the laws of Mexico.

*Wozinak* is again on-point, where the court held that the presence of hotel staff, third-parties, treaters, and investigators in Mexico weighed in favor of dismissal of suit in the United States. 2009 U.S. Dist. LEXIS 26952 at *11-15. Although some agencies and damages witnesses would be present in the United States, greater weight was placed on dismissal as the key liability witnesses were foreign—as is the case in the instant matter. *Id.*, see also *Vlasic v. Wyndham Intern., Inc.*, 451 F. Supp. 2d 1005 (C.D. Ill. 2006) (stating that the value of live testimony from key witnesses cannot be understated for presenting evidence essential to a fair trial; matter dismissed in United States to be litigated in Aruba). In the instant matter, the quantity of potential damages

witnesses in the United States cannot outweigh the quality of liability testimony that could only be offered by Resort staff that most likely are Mexican residents. Although a Mexican court can compel the appearance of these Mexican witnesses, this Court cannot subject them to compulsory process in Illinois.

*3. The premises at issue can only be viewed and inspected in-person in Mexico.*

This factor clearly favors Mexico because the Resort exists in Mexico. The fact that the area of loss is located outside the forum where suit was filed still remains a recognized factor in this *forum non conveniens* analysis that has not been overturned or treated negatively.

Only when present can one fully observe and appreciate the walkways, structures, drainage areas, spatial details, and grounds at issue at the Resort. A retained expert would require a visit to fully evaluate the premises. Photographs or video will never replicate being physically present to test and determine if the tiling is a dangerous condition when wet as alleged. Dkt. #1, ¶ 41. Nonetheless, even if viewing the premises in-person is not given the same weight as it once did before the era of digital and Internet technology, it is beyond dispute that an in-person inspection of real and personal property at issue requires physical presence in Mexico.

*4. Litigating this matter while the Resort operator and owner are non-parties is unfair.*

Plaintiff's decision to litigate only against Hyatt Defendants fragments her case despite the onus of her Complaint allegations being directed against the Resort Owner and Resort Operator, which Plaintiffs fail to identify. It is impractical for Plaintiff to allege theories of agency and vicarious liability against Hyatt Defendants while failing to add as defendants those individuals or entities that would create the basis for Plaintiff's agency arguments. Where Plaintiff pleads liability issues centered in Mexico, Mexico remains the best forum to resolve this claim in its entirely while ensuring all parties that may be responsible in damages are amendable to service of process.

The courts in *Wozinak* and *Vlasic* found for dismissal where plaintiff failed to implead "the most obvious defendant" responsible over the premises at issue, and rationalized that judicial economy favors one action outside the United States instead of a primary action in United States followed by foreign supplemental proceedings to pursue a collections claim. *Wozinak*, 2009 U.S. Dist. LEXIS 26952 at *16-18; *Vlasic*, 451 F. Supp. 2d at 1010-11. Plaintiff's failure to name the obvious possessor in control of the Resort as a defendant favors dismissal. *Wozinak*, 2009 U.S. Dist. LEXIS 26952 at *17.

**b. Public interest factors weigh in Mexico's favor.**

The public interest factors for this Court to consider include:

> 1. "the administrative difficulties stemming from court congestion," 2. "the local interest in having localized disputes decided at home," 3. "the interest in having the trial of a diversity case in a forum that is at home with the laws that must govern the action," 4. "the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law," and 5. "the unfairness of burdening citizens in an unrelated forum with jury duty."

*Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *17-18.

*1. Mexican residents have an interest in resolving local disputes involving a Mexican Resort.*

Litigating a matter in an Illinois court involving a Mexican resort, Mexican choice of law application, and Mexican-based evidence and witnesses will create administrative difficulties in litigating this claim. See *Instituto*, 29 F.4th at 356-61; *Wozniak*, 2009 U.S. Dist. LEXIS 26952 at *10-12 (discussing that dismissal is proper to avoid interpretation and authentication issues). Mexican locals have a greater interest in resolving this matter at home because of its interest in keeping local hospitality business safe through administration of its own laws.

Chief Justice Richard Posner addressed this issue in his decision in *Spinozzi v. ITT Sheraton Corp.* In *Spinozzi* a couple from Illinois traveled to a resort in Mexico for vacation when the husband fell into a maintenance pit at the resort grounds, then brought suit in the instant forum.

174 F.3d 842, 843 (7th Cir. 1999). In his decision Chief Justice Posner explained why locals have the primary interest in deciding cases that took place in their jurisdiction:

> [The place where the tort occurred] . . . is the place that has the greatest interest in striking a reasonable balance among safety, cost, and other factors pertinent to the design and administration of a system of tort law. Most people affected whether as victims or as injurers by accidents and other injury-causing events are residents of the jurisdiction in which the event takes place. So if law can be assumed to be generally responsive to the values and preferences of the people who live in the community that formulated the law, the law of the place of the accident can be expected to reflect the values and preferences of the people most likely to be involved in accidents--can be expected, in other words, to be responsive and responsible law, law that internalizes the costs and benefits of the people affected by it.

*Id.*, at 845. Chief Justice Posner noted that "[o]nly a tiny fraction of hotel guests in Mexico are from Illinois", and rationalized that residents of the area where the dispute arose should be setting the standards for resolving local disputes rather than short-term visitors with little stake in those standards or the locality. *Id.*

The court in *Wozinak* aligned with the ruling in *Spinozzi* and found that Mexican locals have the stronger interest in resolving controversies taking place in Mexico:

> The second public interest factor considers the local interest in having localized disputes decided at home. [Defendant] argues that Mexico has the stronger local interest in resolving this controversy because it involves the "claimed inadequacies and insufficiencies in a Mexican hotel which employed Mexican citizens, and was built and maintained in accordance, presumably, with Mexican regulations." [citation omitted] In response, Wozniak argues that Illinois has an interest in providing a judicial forum for its injured citizens. While the court recognizes that Illinois has an interest in deciding a dispute involving injury to an Illinois citizen, the accident at the heart of this suit occurred in Mexico. As the Seventh Circuit has explained, Illinois's interest in protecting its citizens does not extend to "cocoon[ing]" them in Illinois law wherever they go, "like citizens of imperial states in the era of colonialism who were granted extraterritorial privileges in weak or dependent states." *Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 846 (7th Cir. 1999). This factor thus weighs in favor of a Mexican forum.

*Wozinak*, 2009 U.S. Dist. LEXIS 26952, at *18-19. The same holds true here. Plaintiff, a resident of Oklahoma, brings suit in Illinois and seeks to apply Illinois law for her occurrence in Mexico,

notwithstanding the rights and interests of Mexican residents to hear and determine this dispute in their own country.

That Plaintiff is not a citizen of the state where suit was filed requires this Court give less deference to her decision to file in Illinois. *Piper Aircraft Co.*, 454 U.S. at 255-56. Illinois residents have much less interest in determining a matter involving injury to an Oklahoma resident in Mexico compared to the interest of Mexican residents. Plaintiff does not allege any injury or medical care in Illinois or that witnesses or premises evidence exists in Illinois. Instead, Plaintiff alleges misconduct on a corporate level by Hyatt Defendants that happen to be headquartered in Cook County, Illinois. Plaintiff's decision is entitled to less deference.

*2. Mexican law governs under an Illinois choice-of-law analysis, and was consented to by Plaintiff.*

Under a choice of law analysis Mexican law must govern.[3] Illinois applies the "most significant relationship test" to determine the proper law to apply in a tort matter; generally the law of the location where the occurrence took place controls unless Illinois has a greater significant relationship with the parties and the occurrence. *Spinozzi*, 174 F.3d at 845; *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998). The significant relationship test requires review of certain factors: where the injury took place, where the conduct causing injury took place, the parties' nationality, domicile, place of business, and place of incorporation, and where the parties' relationship centered. *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 34080, *10-11 (N.D. Ill. 2006).

The occurrence took place in Mexico, and the parties that entered into the agreement allocating responsibility in owning and operating the Resort are incorporated and do business in

[3] Indeed Plaintiff's Complaint confirms application of Mexican law as it alleges violations of "applicable Mexican, local, resort, industry, building-code, hotel-safety, premises-safety" standards, as well as internal standards set by Hyatt Defendants. Dkt. #1, 62.

Mexico. Ex. A, D. These two factors are most important in a choice of law analysis. See *Carris v. Marriott Int'l, Inc.*, 2006 U.S. Dist. LEXIS 100735, *11 (N.D. Ill. 2006), citing *Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990) (stating in a tort case "the two most important contacts are the place where the injury occurred and the place where the conduct causing the injury occurred"); *Piska v. General Motors Corp.*, 2004 U.S. Dist. LEXIS 21861, *4 (N.D. Ill. 2008) (stating that the "most important contacts are the place where the injury occurred and the place where the conduct causing the injury occurred"). Plaintiff's mere reliance on what she perceives is Hyatt Defendants' standards, or what is said on a Hyatt website, cannot justify utilizing Illinois tort law in resolving a foreign resort accident.

Additionally, Plaintiff agreed that any claim for personal injury against the Resort's "Hotel Owner, Hotel Manager, Hotel Franchisor, Hotel Marketer, or Hotel Licensor, along with their respective parents, subsidiaries, related, and affiliated companies at every tier" would proceed in Mexico. Ex. B. Plaintiff consented to her claims being litigated pursuant to Mexican law and that she would not challenge jurisdiction based on her place of residence. The "related, and affiliated companies" in the Resort Operator's accommodation services agreement are the Hyatt Defendnats. Ex. A. Therefore Plaintiff's claims against Hyatt Defendants as the Resort Operator's related, affiliated companies require application of Mexican law in a Mexican court to resolve her claim.

Determining if a forum-selection clause applies requires interpreting the clause under the designated choice of law. *Pomerantz v. International Hotel Co.*, 2020 U.S. Dist. LEXIS 205239, *7 (N.D. Ill. 2020). According to David Lopez's declaration, the clause must be interpreted under the civil code of the state of Baja California Sur and goes into great detail as to how Plaintiff would allege objective and subjective causes of action based on applicable Mexican law. Ex. E.

To the extent this Court applies federal law, Hyatt Defendants still are entitled to enforce that provision where they are "so 'closely related' to the dispute that it becomes 'foreseeable' that [they] will be bound", even if they are not specifically listed. *Pomerantz*, 2020 U.S. Dist. LEXIS 205239 at *15. Plaintiff alleges how closely related, or directly related, Hyatt Defendants are over Resort operations, marketing, branding, and risk management. Dkt. #1, ¶ 18. Hyatt Defendants are affiliated with the Resort Operator. Ex. A; see *Pomerantz*, 2020 U.S. Dist. LEXIS 205239 at *7 (defining affiliate as being under common ownership with a party to a contract containing the forum selection clause). Hyatt Defendants therefore are permitted to, and do enforce, the forum selection and choice of law provision insofar as that is a public factor consideration in granting the instant motion for dismissal.

## CONCLUSION

The fair administration of justice requires dismissal of this claim in order for Plaintiff to litigate her claims in Mexico, which is the primary location and source for evidence and laws applicable to Plaintiff's occurrence arising from her fall at the Mexican Resort.

WHEREFORE Defendants, Hyatt Hotels Corporation, Hyatt Corporation (incorrectly sued as Hyatt Corporation d/b/a Hyatt Inclusive Collection), and Hyatt International Corporation, respectfully request that this Court grant their Motion to Dismiss, that this matter be dismissed in its entirety with leave for Plaintiff to refile this matter in Mexico, and for any and all other relief this Court deems equitable and just in the premises.

Respectfully submitted,

By: */s/ Michael C. Habic*

Michael C. Habic (#6326996) / michael.habic@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP / Attorney for Defendants
161 N. Clark St., #4500 / (312) 706-3004

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2026 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification, including the following:

James Tancula, IBA #6183698
Law Office of James E. Tancula
8623 W. Bryn Mawr Ave.
Suite 501
Chicago, Illinois 60631
jamestancula@me.com
(818) 306-7319

Richard C. Labarthe, OBA #11393
*Pro Hac Vice Pending*
LABARTHE & TARASOV, P.A.
100 N. Broadway Ave., Suite 1880
Oklahoma City, Oklahoma 73102
(405) 760-3323; Fax: (405) 843-9685
richard@labarthelaw.com

Alexey V. Tarasov, OBA #32926
*Pro Hac Vice Pending*
330 W. Gray Street, Suite 208
Norman, Oklahoma 73069
(405) 410-5631 Fax: (832) 558-3540
alexey@tarasovlaw.com

William W. Ahrberg, OBA #161
*Pro Hac Vice Pending*
P.O. Box 307
Cushing, OK 74023
(918) 225-0012; Fax: (918) 225-7197
ahrberglaw@sbcglobal.net
***Attorneys for Plaintiffs***

By: */s/ Michael C. Habic*